**In re Anonymous 31 D.B. 79**

Disciplinary Board Docket no. 31 D.B. 79.

KECK, *Member,* December 9, 1981—Pursuant to Pa.R.D.E. 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner filed a petition for reinstatement and a reinstatement questionnaire on April 22, 1981, and the matter was referred to a hearing committee. The hearing was held July 2, 1981. The hearing committee filed its report September 1, 1981, recommending that the reinstatement petition be granted. No exceptions to the hearing committee report were filed either by petitioner or by Office of Disciplinary Counsel.

## II. DISCUSSION

Petitioner, [ ], is 39 years of age. He received the B.S. degree from [ ] University in 1965, the J.D. degree from [ ] University in 1968, and the L.L.M.

degree, in tax law, from [    ] University in 1973. He was admitted to the Bar of the Supreme Court of Pennsylvania in 1968.

Petitioner was suspended for six months and until further order by order of your honorable court dated September 2, 1980 effective October 2, 1980.

Petitioner had been ordered to receive a private reprimand before the Disciplinary Board and to refund a fee of $225 to a client before receiving the reprimand. At the time of receiving the reprimand he told the board, contrary to fact, that the fee had been refunded. Disciplinary action was brought against him for making a false statement to the board and for failing to comply with an order of the board. A hearing committee recommended that he receive public censure by the Supreme Court, the Disciplinary Board concurred with the recommendation of the hearing committee, but your honorable court rejected the recommendation of the board and ordered six months suspension. Petitioner complied with the provisions of Pa.R.D.E. 217, served the six months suspension, and now applies for reinstatement.

The Disciplinary Board adopts the recommendation of the hearing committee and recommends to your honorable court that petitioner be reinstated to the practice of law.

It was the conclusion of the hearing committee and of the board that petitioner met the burden of rule 218(3)(i) of the Pa.R.D.E. and by clear and convincing evidence demonstrated that he has the moral qualifications, competency, and learning in the law required for admission to the practice of law in this Commonwealth, and that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or to the ad-

ministration of justice, nor will it be subversive to the public interest.

At the reinstatement hearing five witnesses in addition to petitioner testified on petitioner's behalf, three were lawyers, one of whom was petitioner's former partner, two were laymen. One lay witness had very little contact with persons who were acquainted with petitioner. All witnesses testified favorably with respect to petitioner's learning in the law and moral rectitude. All testified that reinstatement of petitioner would not be detrimental to the public interest or to the administration of justice.

Petitioner testified as to truthfulness of answers on the reinstatement questionnaire, particularly with respect to his activities during suspension. His testimony on direct examination is recorded in 22 pages, on cross examination, in 60 pages. Disciplinary Counsel questioned petitioner especially about two areas of activity during suspension.

It was established that until some time in November 1980 petitioner represented client 1 and certain corporations of which he was an officer who were defendants in a suit, [    ] v. client 1 et al. in the Federal District Court for [    ] District of Pennsylvania. Petitioner testified that the suspension order by the Supreme Court of Pennsylvania was limited to that court and the courts under its supervision, that he never received notice of suspension from the Federal Court. It was established that petitioner had never been admitted to the Federal Court, and therefore was not suspended from that court. Petitioner testified that he believed, erroneously as he eventually learned, that his admission to the United States Supreme Court included admission to lower Federal courts as well. Petitioner

testified that his activities on behalf of client 1 and the corporations after the effective date of his suspension were designed only to maintain the status quo of his client's suit pending acquisition of new counsel.

Disciplinary Counsel questioned petitioner regarding his activities on behalf of client 2 and her niece [ ] who, with the niece's brother, owned jointly certain lands and oil leases in Texas. Petitioner testified that he acted solely as Attorney-in-fact for client 2, that he provided information to the niece and her brother, but that he did not furnish advice, legal or otherwise, and that he did not act as Attorney-at-law for client 2.

Three witnesses were called by Disciplinary Counsel. [ ], attorney for plaintiffs in the [ ] v. client 1 suit, testified that he was unaware of petitioner's suspension until he read of it in Pennsylvania Lawyer, sometime in November, that he had conferred with petitioner respecting the suit during October and November when petitioner was under suspension.

Client 1 testified that petitioner did not notify him of his suspension at any time, that he learned of it from a third party in November 1980. Petitioner testified that he had informed client 1 orally about September 29, 1980 of his suspension and that his failure to notify client 1 in writing was a consequence of the fact that the client 1 file was a closed file rather than an active one.

The hearing committee accepted petitioner's explanation of his activities on behalf of client 1 and the corporations during October and November 1980, and was satisfied that his activities on behalf of client 2 were limited to the activities of attorney-in-fact, and that he had performed no legal services for client 2's niece.

The hearing committee concluded that petitioner met the burden of rule 218(3)(i) of the Pa.R.D.E and demonstrated that he has the moral qualifications and competency and learning in the law required for reinstatement, further, that his reinstatement will not be detrimental to the integrity and standing of the Bar or the administration of justice nor subversive of the public interest.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania concurs with the recommendation of the hearing committee and recommends to your honorable court that petitioner be reinstated to the practice of law in Pennsylvania pursuant to rule 218 of the Pa.R.D.E. upon payment of necessary expenses incurred in the investigation and processing of the petition as set forth in the attached Schedule pursuant to rule 218(e).

Mr. Daniels did not participate in the adjudication.

## ORDER

O'BRIEN, *C.J.*, and now, February 26, 1982, the recommendation of the Disciplinary Board dated December 9, 1981, is accepted and the petition for reinstatement is granted.

The expenses incurred by the board in the investigation and processing of the petition for reinstatement shall be paid by petitioner.